1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
9               AT SEATTLE

10   UNITED STATES OF AMERICA,

11              Plaintiff,
                                            CASE NO. CR03-0430C
12       v.
                                            ORDER
13   ADOLFO SIERRA-MENDEZ,

14              Defendant.

15
          This matter has come before the Court on the Ninth Circuit's limited remand pursuant to *United*
16
     *States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005). (*See* Dkt. No. 46.) In *Ameline*, the Ninth Circuit
17
     directed district courts to answer the threshold question of whether the sentence imposed on a defendant
18
     would have been materially different had the court been aware that the Sentencing Guidelines were
19
     advisory, rather than mandatory. *Ameline*, 409 F.3d at 1084. The scope of the initial inquiry permitted
20
     by *Ameline* does not authorize the Court to address the question of whether Defendant was eligible for
21
     the safety valve. *Id.* at 1085 (explaining that the court is allowed to take a fresh look at the facts in
22
     *resentencing* the defendant, *after* and if the threshold question is answered in the affirmative).
23
          In the case at bar, Defendant was subject to a mandatory minimum sentence of sixty months. The
24
     Guidelines calculations resulted in a sentencing range of 57 to 71 months. Because of the congruence
25
26   ORDER – 1

1  between the Guidelines calculation and the mandatory minimum of 60 months, the Court did not increase
2  the length of Defendant's sentence.  Therefore, whether the Guidelines were advisory or mandatory had
3  no effect on Defendant's sentence.  Accordingly, the Court finds that the sentence imposed on Defendant
4  would not have been materially different.
5      SO ORDERED this 1st day of February, 2006.

			_____
			UNITED STATES DISTRICT JUDGE

26  ORDER – 2